EDWARD C. BECHERER, Respondent, *v.* ELIZABETH VIRGINIA BECHERER, Appellant.

First Department, November 7, 1930.

*Martin E. Burke* of counsel [*John N. Regan* and *Charles R. Barrett* with him on the brief; *Regan & Barrett*, attorneys], for the appellant.

*Harry A. Gair*, for the respondent.

McAvoy, J.  Plaintiff heretofore brought an action against the defendant in the Supreme Court, Bronx county, to set aside the transfer of two certain parcels of real estate upon the grounds of fraud, undue influence and want of consideration.  The plaintiff in that action alleged in his complaint, among other things, as follows: " and that the defendant further agreed to and did make a will, dated July 10, 1922, bequeathing said property to the plaintiff in the event of her death."

In that action the complaint was dismissed on the merits and the judgment entered on such dismissal was affirmed here and in the Court of Appeals (219 App. Div. 814; 247 N. Y. 528).

Over three years later the plaintiff commenced this action to impress a trust upon the same property, alleging that he had transferred the property to the defendant in consideration of the latter's agreement to make a will leaving the property to him in the event of her previous decease, and that defendant was threatening to dispose of the property in violation of this agreement.  The answer of the defendant denied that there ever was such an agreement and set up the defense that the subject-matter of the suit was *res adjudicata.*

The issues presented at this trial for determination and the facts upon which this action is based have all been adjudicated heretofore.  Plaintiff is, therefore, estopped by the judgment rendered in the prior action.

The cause of action in the first suit and the one now here are the same, and the facts essential to the maintenance of this action were in issue and determined in the first action adversely to claimant.  The matters which plaintiff now seeks to have determined

might have been litigated and decided in the first action; therefore, the judgment is final and conclusive on all such matters.

The judgment should be reversed, with costs, and judgment directed dismissing the complaint herein, with costs.

DOWLING, P. J., and MERRELL, J., concur; FINCH and SHERMAN, JJ., dissent.

FINCH, J. (dissenting). In my opinion the judgment of the learned trial court should be affirmed. The plaintiff in the action first brought sought to cancel entirely the conveyance on the ground of fraud. The allegations in the complaint that the defendant received the property upon an agreement to make a will, were only inserted as bearing upon the attempt to set the conveyance aside entirely. If the plaintiff in that action had admitted that there was a valid conveyance upon an agreement to make a will, he would have been proceeding in accordance with the agreement instead of in disregard thereof. Having been defeated in the action in which he sought to set aside entirely that agreement, he now brings this action pursuant to the agreement that the defendant should receive the property and make a will in favor of the plaintiff. The two actions are not the same, but entirely different. The first to set aside the agreement and the conveyance thereunder, and the second to proceed in accordance with the agreement affirming the conveyance, and demanding of the defendant compliance with the agreement which necessarily comprised retaining the property during defendant's lifetime.

SHERMAN, J., concurs.

Judgment reversed, with costs, and judgment directed dismissing the complaint, with costs. Settle order on notice.